# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CDCR,<br><br>　　　　Defendants. | Case No. 1:13-cv-01310 LJO DLB PC<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO IMMINENT DANGER EXCEPTION OF 28 U.S.C. § 1915(G)<br><br>(Document 2) |

　　　　Plaintiff Lonnie Williams ("Plaintiff")[1] is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 19, 2013, along with an application to proceed in forma pauperis.

　　　　The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

　　　　Court records reveal that Plaintiff has accumulated three strikes as of December 20, 2001. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28

---

[1] Plaintiff refers to herself with feminine pronouns, and the Court will therefore refer to Plaintiff accordingly.

1

U.S.C. § 1915(g): *Williams v. Lopez*, Case No. 1:99-cv-06648-REC-SMS PC (E. D. Cal.); (dismissed 01/28/2000 for failure to state a claim); *Williams v. California State Prison-Corcoran*, Case No. 1:99-cv-06612-OWW-SMS PC (E. D. Cal.) (dismissed 01/28/2000 for failure to state a claim); *Williams v. Andrews*, Case No. 1:01-cv-06222-REC-HGB PC (E. D. Cal.) (dismissed 12/20/2001 for failure to state a claim); *Williams v. Board of Prison Terms*, Case No. 1:01-cv-05526-AWI-HGB PC (E. D. Cal.) (dismissed 12/20/2001 for failure to state a claim); *Williams v. Corcoran State Prison*, Case No. 1:01-cv-05926-AWI-HGB PC (E. D. Cal.) (dismissed 01/29/2002 for failure to state a claim); *Williams v. Wood*, Case No. 1:01-cv-06151-REC-LJO PC (E. D. Cal.) (dismissed 02/28/2002 for failure to state a claim); and *Williams v. Rendon*, Case No. 1:01-cv-05891-AWI-SMS PC (E. D. Cal.) (dismissed 03/18/2002 for failure to state a claim).

Therefore, Plaintiff is not allowed to proceed in forma pauperis in this action unless she can demonstrate she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v.Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). To meet the imminent danger requirement, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed, *Abdul-Akbar v. McKelvie*, 238 F.3d 307, 313-14 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Here, Plaintiff alleges that she is in imminent danger because she has HIV and has a Valley Fever restriction. Plaintiff states that on August 8, 2013, she was transferred from CSP-Sacramento to CSP-Corcoran to attend court as a witness for another inmate. Plaintiff contends that because Corcoran is in the Central Valley, it puts her at risk for Valley Fever. Plaintiff states that she told counselors at Corcoran, but she was told not to go outside. As of August 15, 2013, the date Plaintiff signed the complaint, she is still housed at Corcoran.

Based on these allegations, the Court finds that Plaintiff has sufficiently alleged that she is under imminent danger of serious injury. Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis, filed August 19, 2013, is GRANTED.

IT IS SO ORDERED.

Dated:   **August 26, 2013**                              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE