**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CDCR,<br><br>　　　　Defendants. | Case No. 1:13-cv-01310 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Lonnie Williams ("Plaintiff")[1] is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 19, 2013.[2] She names the California Department of Corrections and Rehabilitation ("CDCR") as the sole Defendant.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff refers to herself with feminine pronouns, and the Court will therefore refer to Plaintiff accordingly.

[2] Plaintiff is subject to the three strikes provision under 28 U.S.C. § 1915(g) and is proceeding in this action under the imminent danger exception.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     PLAINTIFF'S ALLEGATIONS**

Plaintiff states that she has HIV and has a Valley Fever restriction. She contends that her permanent medical order not to be housed at prisons where there is a threat of Valley Fever is being ignored.

Plaintiff states that on August 8, 2013, she was transferred from CSP-Sacramento to CSP-Corcoran to attend court as a witness for another inmate. Plaintiff contends that because Corcoran is in the Central Valley, it puts her at risk for Valley Fever. Plaintiff states that she told the R&R nurse

1  and filed a grievance. She also told counselors at Corcoran, but she was told not to go outside.

2  As of August 15, 2013, the date Plaintiff signed the complaint, she was still housed at
3  Corcoran State Prison.

4  **C.    DISCUSSION**

5  For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1)
6  a serious medical need by demonstrating that failure to treat [his] condition could result in further
7  significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's
8  response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner,
9  439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or
10 failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the
11 indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind
12 is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v.
13 McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680
14 F.3d at 1122.

15 Plaintiff's factual allegations are sufficient to state a claim under the Eighth Amendment for
16 deliberate indifference to a serious medical need. However, CDCR, the sole named Defendant, is
17 entitled to immunity under the Eleventh Amendment, as explained below.

18 The Eleventh Amendment erects a general bar against federal lawsuits brought against the
19 state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks
20 omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for
21 prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred
22 absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v.
23 Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d
24 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against CDCR.

25 Generally, when the Court finds a cognizable claim, it will order service of the complaint.
26 However, because the only named Defendant is not a proper Defendant, the Court cannot do so.
27 Plaintiff will be granted an opportunity to amend. In amending, Plaintiff should not change the
28 nature of her claims, but should name a proper Defendant, if possible. Plaintiff is reminded that the

allegations must link the actions or omissions of each named defendant to a violation of her rights, there is no respondeat superior liability under section 1983.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND because it fails to state a claim against a named Defendant. Plaintiff will be permitted to amend her complaint, though she must follow the guidelines above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **August 26, 2013**             /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

4